# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6288 | **DATE** | 3/10/2011 |
| **CASE TITLE** | Chicago Regional Council of Carpenters Pension Fund, et al. vs. Installation 2000, Inc., et al. | | |

**DOCKET ENTRY TEXT**

National Contract Resource, Inc.'s Motion for Reconsideration of Its Motion to Dismiss [21] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    On December 17, 2010, the Court heard Defendant National Contract Resource, Inc.'s ("NCR") Motion to Dismiss Count II of Plaintiffs Chicago Regional Council of Carpenters Pension Fund et al.'s Complaint. The Court denied the Motion. NCR filed a Motion for Reconsideration of Its Motion to Dismiss on January 5, 2011. For the following reasons the Motion is denied.
    As an initial matter, the Court notes that NCR does not bring the Motion under any Federal Rule of Civil Procedure. NCR states that "no Federal Rule of Civil Procedure addresses the issue of a court's power to review an interlocutory order." National Contract Resource, Inc.'s Reply in Supp. of Its Mot. for Recons. ¶ 6. To support this proposition, NCR cites to an unreported decision from the Southern District of Illinois, Johnson v. Allstate Ins. Co., No 07-CV-0781, 2010 WL 3734054 (S.D. Ill. Sept. 17, 2010). Id. The court in Johnson specifically quotes Rule 54(b). Johnson, 2010 WL 3734054, at *3. The Court, however, declines to construe the Motion pursuant to Rule 54(b). Although there is no pleading in the Federal Rules of Civil Procedure called a "motion to reconsider," courts generally construe such motions as being brought under Rule 59(e) or 60(b). Walker v. Abbott Labs., 340 F.3d 471, 475 n.2 (7th Cir. 2003) (citing United States v. Deutsch, 981 F.2d 299, 300-01 (7th Cir. 1992)). Since NCR filed this Motion within twenty-eight days of the Court's entry of judgment, the Court construes the Motion as filed pursuant to Rule 59(e).
    A motion for reconsideration serves a limited function, Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996), and is permissible only when there is "newly discovered evidence, an intervening change in the controlling law, [or a] manifest error of law [or fact]." Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence

that was available earlier." LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). Further, Rule 59(e) cannot be used to "rehash" previously denied arguments. See Oto, 224 F.3d at 606; Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). District court orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co., 123 F.R.D. at 288; see also Oshana v. Coca-Cola Co., No. 04-CV-3596, 2005 WL 670522, at *2 (N.D. Ill. Mar. 16, 2005). Rule 59(e) "requires that the movant 'clearly establish' one of the aforementioned grounds for relief." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir.2001)). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

    Here, NCR does not base the Motion on newly discovered evidence or an intervening change in the controlling law. Instead, NCR asserts that the Court misapplied the standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). National Contract Resource, Inc.'s Mot. for Recons. of Its Mot. to Dismiss ¶ 13. "To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." Bridges v. Gilbert, 557 F.3d 541, 545 (7th Cir. 2009) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing Twombly, 127 S. Ct. 1955, 1964; Fed. R. Civ. P. 8(a)(2))). In applying this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court accepts as true all well pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002).

    In ruling on the Motion to Dismiss, the Court examined the Complaint and the Motion to Dismiss and found that the Complaint satisfied Twombly. Transcript of Defs.' Mots. to Dismiss [15] & [18], at 1-2, ll. 20-23, 12-16, Chi. Reg'l Council of Carpenters Pension Fund v. Installation 2000, Inc., No. 10-CV-6288 (N.D. Ill. Dec. 17, 2010). The Court stated, "As counsel has pointed out, it doesn't really take much to satisfy Bell versus Twombly. There is a plausible claim brought against the defendants here. And in terms of 12(b)(6), there is not enough to grant that motion." Id. at 2, ll. 12-16. The Court also acknowledged that this "may be the kind of case or issue that may or may not lend itself to summary judgment." Id. at 1-2, ll. 25, 1. NCR's Motion merely rehashes old arguments regarding Twombly that the Court has considered and denied. Compare National Contract Resource, Inc.'s Mot. to Dismiss Count II of the Compl. ¶ 22 ("The Complaint provides nothing more than bare labels and conclusions and a formulaic recitation of the elements of liability premised on an alter ego or single employer theory. As a result, it must be dismissed for failure to state a claim." (citing Twombly, 550 U.S. at 555)), with National Contract Resource, Inc.'s Mot. for Recons. of Its Mot. to Dismiss ¶ 18 ("Count II provides only a formulaic recitation of the elements of a cause of action premised on alter ego or single employer liability."). NCR has not clearly established that the Court's conclusion amounts to a manifest error of law or fact. Therefore, the Motion is denied.

    The Court also notes that the Motion was only brought by NCR. Defendant Installation 2000, Inc. has not answered the Complaint filed on September 30, 2010. Discovery should move apace to resolve this matter.

    IT IS SO ORDERED.